IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN W. TORGERSON,

                Petitioner,

  v.

JON E. LITSCHER,

                Respondent.

OPINION and ORDER

18-cv-497-jdp

---

John W. Torgerson, appearing pro se, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. He challenges a judgment of conviction entered on March 25, 2015, by the Circuit Court for Eau Claire County, Wisconsin, for multiple violations of statutes making it a crime to offer or sell unregistered securities and to omit material facts when offering or selling securities. In an order entered on November 29, 2019, I concluded that all of Torgerson's claims are either barred by the doctrine of procedural default or cannot be raised in a federal habeas petition. Before dismissing the petition, I gave Torgerson an opportunity to supplement his petition with information showing why his petition should not be dismissed. Torgerson has responded, conceding that some of his claims must be dismissed, but arguing that his procedural default should be excused. Dkt. 5. Because none of his arguments provides a sufficient reason to overlook his procedural default, I must dismiss the petition.

BACKGROUND

As set forth in detail in the November 29 order, Torgerson was convicted in 2014 of 24 counts of selling securities without a registration or exemption and 23 counts of making omissions of material fact in the sale of securities. He was sentenced to a total of four years of

imprisonment and two years of extended supervision. He also was ordered to pay $444,000 in restitution to the victims. He filed a motion for postconviction relief that was denied by the circuit court. The court of appeals affirmed. *State v. Torgerson*, 2017 WI App 56, 377 Wis. 2d 728, 902 N.W.2d 808; Dkt. 1-1.

In his habeas petition, Torgerson raises the following grounds for relief:

> (1) the state courts' interpretation of Wisconsin law as requiring disclosure of the type of information Torgerson withheld was an unforeseeable expansion of the criminal statutes that violated his due process rights;
>
> (2) the state courts' conclusion that it was Torgerson's burden under Wisconsin law to prove that he qualified for the automatic limited offering exemption was an unforeseeable interpretation of the criminal statutes that violated his due process rights;
>
> (3) the state courts' affirmance of the restitution order despite the lack of evidence showing that Torgerson was responsible for his investors' losses and without considering Torgerson's ability to pay or the needs of his family violated his due process rights and right against cruel and unusual punishment;
>
> (4) the state courts' conclusion that renewals of promissory notes could be sales under Wisconsin securities law was an unforeseeable expansion of the criminal statutes that violated his due process rights; and
>
> (5) trial counsel was ineffective because he failed to (a) argue that PAC was covered by the limited offering exemption, resulting in forfeiture by court of appeals; (b) object to a "last minute" exhibit shown to jury that included an incorrect amount that Torgerson owed to PAC; (c) hire an expert witness to testify as to the legality of PAC's loans to Torgerson and Torgerson's record of regular payments prior to his Chapter 7 bankruptcy filing in March 2010; (d) argue that the vagueness doctrine precluded a finding that renewals could be sales; (e) quote to the jury the definitions of "sale" and "renewal" from legal dictionaries; (f) argue that the restitution order imposed an impossible burden on Torgerson in light of his future income potential and the needs of his family.

In the November 29 order, I noted that claim 3 relating to the restitution order cannot be raised in a federal habeas petition and that claims 1, 2, 4, and 5 appeared to be procedurally defaulted because Torgerson did not raise those arguments in his postconviction motion or on direct appeal. In his response to the November 29 order, Torgerson concedes that claim 3 must be dismissed. He also concedes that his remaining claims are procedurally defaulted, but he argues that his default should be excused because his trial counsel was ineffective and he is actually innocent of the crimes for which he was convicted.

ANALYSIS

Before seeking a writ of habeas corpus in federal court, a state prisoner must first give the state courts a full and fair opportunity to resolve any federal constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To ensure that state courts have had this opportunity, "[a] federal court will not hear a state prisoner's habeas claim unless the prisoner has first exhausted his state remedies by presenting the claim to the state courts for one full round of review." *Crutchfield v. Dennison*, 910 F.3d 968, 972 (7th Cir. 2018). When the petitioner has already pursued state court remedies but failed to properly present a claim to the state courts along the way, that claim is barred by the doctrine of procedural default. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).

Torgerson concedes that he did not raise claims 1, 2, 4, and 5 in the state courts. His arguments in state court both at the postconviction and appellate levels were based on errors of state law, rather than violations of his constitutional rights. When a petitioner has procedurally defaulted on a claim by failing to present it in state court, a federal court may not consider the claim in a habeas petition unless the petitioner can show cause and prejudice for

3

his failure to exhaust his claims, *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000), or show that dismissal would result in a fundamental miscarriage of justice. *Schlup v. Delo*, 513 U.S. 298, 315 (1995). Torgerson contends that his default should be excused under both exceptions.

To meet the "cause and prejudice" exception, Torgerson must show that there was "some objective factor external to the defense" that prevented him from pursuing his claim in state court. *Harris v. McAdory*, 334 F.3d 665, 668 (7th Cir. 2003). Torgerson argues that his trial counsel's ineffectiveness qualifies as "cause" for his procedural default. But trial counsel's alleged deficiencies are irrelevant because Torgerson's default did not occur at the trial level. The reason Torgerson's claim are procedurally defaulted is because his postconviction and appellate counsel did not fairly present any federal constitutional claims in Torgerson's motion for postconviction relief or on direct appeal.

In some cases, appellate or postconviction counsel's ineffectiveness may constitute cause to excuse procedural default. *Martinez v. Ryan*, 566 U.S. 1, 11 (2012). In particular, appellate counsel's errors provide cause for excusing a procedural default "if that error amounted to a deprivation of the constitutional right to counsel." *Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017). To meet this standard, Torgerson would have to show that postconviction or appellate counsel failed to raise a claim on appeal that was "plainly stronger than those actually presented to the appellate court." *Id.* at 2067. But Torgerson has not attempted to meet this standard, as he has not developed an argument that his postconviction or appellate counsel were ineffective in any respect. Instead, Torgerson states in his petition that his appellate counsel omitted certain arguments to focus on "matters of greater magnitude." Dkt. 1 at 34. Therefore, Torgerson has failed to show any cause or prejudice that excuses his procedural default.

This leaves Torgerson's argument that his procedural default should be excused to avoid a fundamental miscarriage of justice. To show that dismissal of his claims would result in a fundamental miscarriage of justice, Torgerson must show that in light of new evidence, not presented at trial, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 315; *Jones v. Calloway*, 842 F.3d 454, 461 (7th Cir. 2016). "To be credible, a gateway claim requires 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Thomas v. Williams*, 822 F.3d 378, 387 (7th Cir. 2016) (citations omitted). In this instance, Torgerson's evidence is neither new nor so strong that it undermines his guilt.

Torgerson argues that trial counsel should have presented a timeline or graphic illustration to the jury showing the precise number of sales or renewals of promissory notes that Torgerson made in a 12-month period. He points out that his appellate counsel presented such a timeline to the court of appeals in support of the argument that Torgerson's companies were exempt from registration under a limited-offering exemption. But such a timeline or graphic illustration is not "new evidence"; it is merely a graphic representation of evidence presented at trial. As the court of appeals concluded, such a representation did not establish Torgerson's entitlement to the limited-offering exception because the representation could not prove how many "offers" Torgerson made or whether his companies qualified as "related issuers." Dkt. 1-1 at 10. Accordingly, this evidence does not support a claim of actual innocence.

Because Torgerson has not shown that his procedural default should be excused, I must dismiss his petition. The only matter remaining for discussion is whether to issue a certificate

of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). If a district court dismissed a habeas petition based on procedural grounds without reaching the underlying constitutional claims, then a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

This petition should not proceed further. No reasonable jurist would disagree that Torgerson's claims are procedurally defaulted and that he has failed to show that cause and prejudice for the default or that the actual innocence exception applies. Therefore, Torgerson is not entitled to a certificate of appealability.

ORDER

IT IS ORDERED that

1. Petitioner John Torgerson's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

2. Petitioner is DENIED a certificate of appealability. He may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered January 15, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge